UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-604 JRT/FLN

UNITED STATES OF AMERICA )
)
Plaintiff, )
)
v. ) ANSWER OF THE GARNISHEE (EARNINGS)
)
DANIEL BUSCH, )
)
Defendant, )
)
and )
)
LLOYDS BARBEQUE, )
)
Garnishee. )

Lloyds Barbeque, being duly sworn, deposes and says:

**If Garnishee is an individual:**

That he/she is Garnishee herein doing business in the name of Daniel Busch.
(Provide full name and address of business)

**If Garnishee is a partnership:**

That he/she is a member of 8813 Hale Ave South, Cottage Grove, MN 55016
(Full name/address of partnership)

a partnership, of which Garnishee is a partner.

**If Garnishee is a corporation:**

That he/she is the ________________ of Garnishee, Daniel Busch
(Title) (Full name/

________________________, a corporation, organized under the
address of corporation)

laws of the State of ____________________.

On 7-16-04, 2004, Garnishee was served with the Writ of Continuing Garnishment. If, at any time during the pay period

SCANNED
JUL 19 2004
U.S. DISTRICT COURT MPLS

in effect when the Writ was served, the above-named defendant was employed by the garnishee or was owed earnings by the garnishee, proceed to Number 1 below. If, during that time, the above-named defendant was not employed by the garnishee and was not owed any earnings from the garnishee, proceed to Number 5 in this Answer of Garnishee.

1. Defendant's regular pay period is

___X___ weekly, ________ bi-weekly,

________ semi-monthly, ________ monthly.

Enter date present pay period began: Monday

Enter date present pay period ends: Sunday

(Present pay period is the pay period during which this Writ was served.) Week # 29

2. Calculate the defendant's disposable earnings for the present pay period:

a. Gross Income (includes salary wages, overtime, commissions, income trusts and all other income before any deductions) $ 789.52 Varies weekly

b. Federal Income Tax $ 115.46

c. FICA Income Tax $ 57.87

d. State Income Tax $ 45.00

e. Total Withholdings (Total "b" through "d") $ 218.33

f. **Disposable Earnings for Present Pay Period (Subtract "e" from "a")** $ 571.19

If the figure on Line "f" above is less than $154.50 per week, write "no garnishment allowed for present pay period" on Line "g" below, and proceed to Number 4 in this Answer of Garnishee.

g. **Maximum earnings available for garnishment from the <u>present</u> pay period** (Multiply "f" times .25) $ 142.79

If the earnings listed on Line "g" above are currently subject to previously-served garnishments or court orders, provide the information requested below. If the earnings listed on Line "g" above are <u>not</u> subject to any previously served garnishments/orders, write "$0.00" on Line "h" below previously served and proceed to Number 3.

| Description of Previously-Served Garnishments/Orders | Amount Taken Under Previously-Served Garnishments/Orders for Present Pay Period | Expiration Date of Previously-Served Garnishments/Orders |
|---|---|---|
| | (i) $ | |
| child support #1 | (ii) $ 106.62 | none |
| child support #2 | (iii) $ 113.27 | none |

h. **<u>Total</u> due for <u>present</u> pay period under previously-served garnishments/orders** (add (i) through (iii))

$ 219.89

3. Determine the extent to which the earnings of the defendant for the <u>present</u> pay period are available for <u>this</u> garnishment:

a. Enter the amount listed on Line "2g" above (maximum earnings available for garnishment from the <u>present</u> pay period) $

-77.10

Employee is not garnishable at this time.

b. Enter the amount listed on Line "2h" above (total due for present pay period under previously-served garnishments/orders) $ 219.87

c. **Actual earnings available for this garnishment for the present pay period** (Subtract "3b" from "3a") $ -0-

If you do not claim an exemption, objection, defense or set-off to the amount entered on Line "3c" above, you must now retain that amount, up to the total debt balance as set forth in the Writ of Continuing Garnishment, pending further order of the Court. (Note, the debtor is responsible under this garnishment for all interest that accrues on this debt through the date on which payment in full is sent to the defendant.) If you do contend that some portion of the amount listed on Line "3c" above is not subject to this garnishment, indicate the reason for you contention:

The garnishee claims the following objection, defense or right to set-off from the actual earnings available for this garnishment for the present pay period: ______________________________ ______________________________. The amount the garnishee contends is available for this garnishment from the present pay-period earnings is: $____________________.

4. As outlined previously in this Answer of Garnishee, determine the extent to which the future earnings of the defendant are available under this continuous garnishment:

| List Each Future Pay Period | List 25% (.25) of the Projected Disposable Earnings for Each Future Pay Period | List Total Amount Due Under Previously-Served Garnishments/Orders for Each Future Pay Period | List Actual Projected Earnings Available for This Garnishment from Each Future Pay Peri (Subtract "c" from "b' for Each Pay Period) |
|---|---|---|---|
| a. ____________ | b. $______________ | c. $______________ | d. $________________ |
| ____________ | $______________ | $______________ | $________________ |
| ____________ | $______________ | $______________ | $________________ |

(Remember, this is a continuous garnishment. The Writ served in this action will go into full force and affect immediately unless the amount now being paid out pursuant to previously-served garnishments and court orders equals or exceeds 25 percent of the debtor's disposable earnings. In those cases, and only in those cases, this Writ will go into full force and affect as soon as the amount now being paid out pursuant to previously-served garnishments and court orders has dropped below 25 percent of the debtor's disposable earnings. Then, this Writ will continue in full force and affect until such time as the entire debt balance has been paid in full, giving way only to subsequently-served <u>support</u> garnishments and <u>support</u> orders.)

If you do <u>not</u> claim an exemption, objection, defense or set-off to the amounts entered on Line "4" for future pay periods, you must retain those amounts, as they become available, up to the total debt balance as set forth in the Writ of Continuing Garnishment, pending further order of the Court. (Note, the debtor is responsible under this garnishment for <u>all</u> interest that accrues on this debt through the date on which payment in full is sent to

the defendant.) If you do contend that some portion of the amounts listed above on Line "4d" for any future pay period is not subject to this garnishment, indicate the reason for your contention:

The garnishee claims the following objection, defense or right to set-off from the actual earnings available under this garnishment for the following pay period(s): ______________ ______________________ The amount the garnishee claims is available under this garnishment from each of the pay periods noted in the previous sentence is $ _______________, $___________________.

5. This garnishment will take full force and affect if the judgment debtor is reinstated or re-employed by the Garnishee within 90 days of the date this Writ was served on said Garnishee.

-----------------------------------------------------------------

The Garnishee mailed a copy of the Answer of Garnishee, by first-class mail, to:

Counsel for United States at:
United States Attorney's Office
Att: Financial Litigation Unit
600 Federal Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

The Debtor, at:

Daniel Busch
8813 Hale Avenue South
Cottage Grove, MN 55016